GIETZEN v. CAMPBELL.

1. EVIDENCE—HEARSAY.
   Admission of hearsay testimony preliminary in character and necessary to a complete understanding of the facts, but having no direct bearing on the main issue, was not erroneous.

2. SAME—WEALTH OF PLAINTIFF.
   In action by client against attorney to recover alleged excessive fee retained by him, testimony as to plaintiff's wealth was properly admitted for its bearing upon the extent of his business experience.

3. ATTORNEY AND CLIENT—FEES—QUESTION FOR JURY.
   In action by client against attorney to recover alleged excessive fee retained by him, issue as to whether there was contract for specified fee, as claimed by plaintiff, or whether defendant was entitled to recover on *quantum meruit, held,* properly submitted to jury.

Error to Kent; Dunham (Major L.), J. Submitted June 5, 1929. (Docket No. 63, Calendar No. 33,419.) Decided July 8, 1929.

Assumpsit by Joseph Gietzen against Colin P. Campbell for claimed overcharge for professional services. From a judgment for defendant, plaintiff brings error. Affirmed.

*W. J. Barnard,* for plaintiff.

*Linsey, Shivel & Phelps,* for defendant.

POTTER, J. Plaintiff employed defendant to conduct litigation for him by which plaintiff eventually recovered a net sum of $13,926.57. The controversy

involves but $4,400, it being claimed by plaintiff he had a contract with defendant for a specific amount of compensation for all prospective legal services in connection with the litigation in the sum of $500, and by the defendant that there was no specific amount or rate of compensation agreed upon; that he, by reason of the time and labor involved in the litigation, was entitled to $4,900, and it is to recover the difference between what plaintiff claims was the contract price for the services and what defendant claims is the reasonable value thereof that this suit is brought.

Plaintiff, a well-to-do farmer in Allegan county, purchased and paid for a large amount of stock in the ill-fated Lorraine Motors Corporation, which company never achieved material success. Plaintiff subsequently concluded he had been defrauded, and employed defendant, a reputable lawyer in Grand Rapids, to assist him in the premises, October 20, 1921. Plaintiff had assigned a number of mortgages to the Lorraine Motors Corporation to pay for its corporate stock, and some of these mortgages had been reassigned by the Lorraine Motors Corporation to one Dornbos. Defendant instituted suit for plaintiff in Allegan circuit, and in January, 1923, procured a decree against the Lorraine Motors Corporation for $21,341.65. By a later suit likewise instituted by defendant, some of the mortgages which had been assigned by the plaintiff to the Lorraine Motors Corporation, and by it assigned to Dornbos, were recovered. The Lorraine Motors Corporation went into bankruptcy, and its schedules there showed gross assets of $240. Its directors filed claims against it for $65,000. Plaintiff's prospects for a recovery of his money were not bright, but defendant procured the appointment of Mr.

Brown as trustee in bankruptcy of the bankrupt, and through the joint efforts of Brown and the defendant after prolonged investigation, exhaustive labor, and considerable litigation, there was procured from this seeming wreck, for plaintiff, nearly $19,000. Defendant retained $4,900 for services, and sent plaintiff $13,926.57, and then this suit was brought by plaintiff against the defendant. There was judgment for defendant, and plaintiff brings error.

It is claimed that hearsay testimony was admitted, but this testimony was preliminary in character and necessary to a complete understanding of the facts. It had no direct bearing upon the value of defendant's services. We find no error in its admission. It is claimed that plaintiff was prejudiced by the admission of testimony bearing upon his wealth. The testimony objected to was introduced as bearing upon the extent of plaintiff's business experience, and we think there was no error in its admission. There is ample proof in the record of the complicated character of the investigations made, the scope and extent of the litigation, and the value of the services rendered by defendant. Plaintiff testified to a specific contract. Defendant denied its existence, and claimed compensation on a *quantum meruit*. It was for the jury, under the facts, to determine which claim was correct. They did so, under the charge of the court in which we find no error. The other assignments of error are unimportant.

Judgment is affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.